Winsor & another *v.* Dillaway.

---

## NATHANIEL WINSOR & another *vs.* WILLIAM DILLAWAY.

A ship-broker's book and his suppletory oath cannot be received in evidence to support a charge for a commission on the sale of a vessel.

Where contradictory evidence was offered as to the existence of a usage on which the plaintiff relied to support his action, and the jury were instructed, that if it was proved that the usage existed, and that the defendant knew it existed, the plaintiff was entitled to recover, and the jury thereupon returned a verdict for the defendant ; it was *held* that the plaintiff had no just cause of exception to such instruction.

*Quære* as to the reasonableness of a custom for ship-brokers to receive a commission of the seller of a vessel, when they introduce the purchaser to him, without being employed in the negotiation.

INDEBITATUS ASSUMPSIT on this account annexed to the writ :

William Dillaway, owner of brig Magnet, to Winsor & Bruce    Dr.
  1840. July 21. To commission on sale of brig Magnet to
      Mr. Gage at $ 2,400, at 2½,   $ 60·00

At the trial in the court of common pleas, before *Williams*, C. J. it appeared in evidence that the plaintiffs were ship-brokers doing business in Boston. To maintain their action, they offered to produce their book of accounts, containing the original entry of the charge in question, and to support the same by the oath of one of them, who made the entry. This evi-

19 *

dence was objected to by the defendant's counsel, and rejected by the court. The plaintiffs then offered evidence tending to prove that, in July 1840, the defendant was the owner of the brig Magnet, which he wished to sell ; that the plaintiffs introduced to him a Mr. Gage, as a person who wished to purchase said brig ; and that the defendant afterwards sold the brig to said Gage for the said sum of $2400.

The plaintiffs also offered evidence tending to prove that it is the usage of the ship-brokers in Boston, whenever they bring together an owner of a vessel and a purchaser, and the owner thereupon sells such vessel to such purchaser, to charge for their services a commission of $2\frac{1}{2}$ per cent. on the amount of such sale, when the amount does not exceed $5000 ; which commission is paid by the seller. The defendants offered contrary evidence on this point ; and the jury were instructed, " that if such a usage was proved to exist and that the defendant knew that such usage existed, it raised an implied promise to pay the plaintiffs such a commission, which would entitle the plaintiffs to recover ; otherwise, the defendant, as to this point, would be entitled to a verdict."

The defendant's counsel insisted that if such a usage was proved, it was an unreasonable usage, and not binding on the defendant ; but the court, for the purposes of the trial, ruled otherwise.

A verdict was returned for the defendant, and the plaintiffs alleged exceptions to the instructions given to the jury.

*G. T. Bigelow,* for the plaintiffs.

*B. R. Curtis,* for the defendant.

SHAW, C. J. The court are of opinion that the plaintiffs' own book was rightly rejected. It was of one single large item, and it related to a transaction of which, from the nature of the case, other and better evidence could be given. It is a questionable species of evidence, admitted from necessity only, and is intended for the aid of mechanics and small dealers who keep daily accounts of their transactions. *Faxon* v. *Hollis,* 13 Mass. 428. It is a dangerous species of evidence, and not to be extended by new precedents. Per Sewall, J. *Prince* v. *Smith,* 4 Mass. 457.

Upon the other point, considering the limited extent and nature of the business, respecting which it was proposed to bind the defendant by proof of a custom, the instruction was sufficiently favorable to the plaintiffs. The court of common pleas instructed the jury, that if such a usage was proved to exist, and that the defendant knew that such a usage existed, it raised an implied promise to pay the plaintiffs such a commission as they claimed, and would entitle them to recover.

No instruction was given, and none was asked by the plaintiffs, as to the means of proof of such knowledge. We take the rule to be, as applicable to a case like the present, that if the usage is so general, so uniform, and of such long continuance, that every ship-owner might be presumed to be acquainted with it, then the jury might infer the fact of actual knowledge by the defendant. *Stevens* v. *Reeves*, 9 Pick. 198. But such inference of knowledge would be a presumption of fact and not of law, and therefore it would be for the jury, and not the court, to draw it. There is nothing in the case to show that any direction was given, on the subject of knowledge of the usage, inconsistent with the rule above stated, nor to show that the jury were not left at full liberty to infer such knowledge from the nature and extent of the usage.

Some observations were made, and authorities cited, on the question of the reasonableness of a custom for ship-brokers to receive a commission, where they have introduced a person, as a purchaser, to the owner of a vessel wishing to sell, without being employed in the negotiation. As the verdict was for the defendant, it has become unnecessary to express any opinion upon this question. See *Dalton* v. *Irvin,* and *Broad* v. *Thomas,* 4 Car. & P. 289, 338. *Wilkinson* v. *Martin,* 8 Car. & P. 1. *Burnett* v. *Bouch,* 9 Car. & P. 620. *Read* v. *Rann,* 10 Barn & Cres. 438.

*Exceptions overruled.*